Okay, case number two is 14-205-3 and it's United States v. Rogers. Ms. Varner, good morning. Good morning. May it please the court. The agreed facts in it during the course of the attempted bank robbery, Mr. Rogers took the bank teller to the vault and attempted to get her to open the vault. To use the language of the stipulated facts, meanwhile, the other male, Xavier Hardy, rummaged through the employee's purse and took her car keys. The facts in this case do not support a two-point enhancement for carjacking. Carjacking, as defined by the sentencing guidelines, is the taking or attempted of a motor vehicle from the person or presence of another by force and violence or by intimidation. What we are clearly missing in this case is the element by force and violence or by intimidation. It's not, well, in our, it's not clear what he was doing at that point or if it was a greed or a plan that he would do this, but Mr. Rogers was at that point attempting to get the employee to open the vault. Xavier Hardy began to sift through her purse on the counter and regardless of what he was attempting to do, even if he were attempting to get the car keys, it's our position that that is not enough to meet this element that's required by the guidelines, which is by force and violence or by intimidation. Are you suggesting she would have handed those car keys over willingly? I'm suggesting that without them requesting the keys from her, without her having any interaction with them, without, there's no evidence in the record that she even knew that they took the keys or that she even knew that they took the car until... What's the exact timeline as to when the keys were taken? At that moment, was she being held at gunpoint or had she been restrained with the zip ties? My understanding of the facts is that at that point when the car keys were taken, what we have from the stipulated factual basis is the word meanwhile. At this point we know that Mr. Rogers had the employee ostensibly at gunpoint trying to open the vault. We know that when they came into the bank, she put her purse on the counter. I think we can assume that she was at that point separated from her purse. She was at the vault with Mr. Rogers who was attempting to get her to open the vault, and at that point, Xavier Hardy rummaged through her purse and found the car keys. What's missing here is any coerced relinquishment of these keys. We don't have any evidence in the record that she knew. How do you conclude it's not a coerced relinquishment? She's separated from it, she's under gunpoint, and they take it. What would she have done to retrieve or keep him from taking the keys? Well, the point in this case, Your Honor, is that she didn't know. There was no evidence that she even knew what was happening. What could she have done to prevent him taking the keys? At that point, I agree that there is probably nothing that she could have done. But it can't be consensual taking of the keys if she has no way of keeping him from taking it. I don't know that I would say consensual. I would say passive. It's passive only to the extent that if she moves, she's going to get shot. Does that make it passive? We have no evidence that she even knew it was happening, and that's the key in this case. Well, let's assume she didn't know, but you're suggesting that she was giving with her consent or without objecting. Is that right? No. What we are saying is that when the Sentencing Commission made the choice to include the language about carjacking, they mirrored the language of the federal statute on carjacking with the exception of the intent requirement. The federal carjacking statute requires that the defendant must intend to cause death or bodily harm at the moment that they take the car. Now, the Sentencing Commission chose not to include that. You've got a gun on the person who owns the person who has the keys, and you take the keys, and you do not think that is coercion? That is that you're taking it against her will? That's not a coercion. Well, if I could just finish that point, I think it speaks to it, Your Honor. No, listen, I understand why you're arguing that. I'm just trying to figure out what the rationalization was. What could she have done to indicate, don't take my keys or snatch the purse back or what? Well, the Sentencing Commission chose to include the language that the keys must be taken. You momentarily, let's get on to what really happened. The definition of carjacking has to do with taking the car without the permission of the owner under being coerced. That's pretty close to it, isn't it? I think it's concerned. Is it yes or no? Yes, Your Honor. Okay, just a minute. Let me finish up. Isn't that exactly the situation we have here? She's got a gun, they take the keys, she doesn't get permission. Isn't that the same thing? No. Oh. And I believe it is not because... I don't know why I want you to confess here. I think at this point... I get to call it, you don't. Yes, Your Honor, I understand. I think when we, if we look at the Applewhite case, it's instructive. In the Applewhite case, there was a very complicated factual situation, but there was an attempted murder, kidnapping, and a carjacking. It's complicated. Yes, it was a very long factual scenario in that case. Now, when the court was looking at whether or not the carjacking conviction could be sustained under the facts of that case, the court said, it's clear that force was employed to hurt the person during the assault, but that force was not employed to take the van. They put the body in a van to move the body. He was still living at that point. And the car, the van in that case, had been taken after a violent assault, but that did not establish that force was used to get control of that van. And in this case, it's clear that force, violence, and intimidation was being used to get to the property of the bank, but unless that threatened or actual force was employed in the actual taking of the car, that there's no carjacking under the definition that the Sentencing Commission laid out for carjacking. If we take out that element of force, violence, and intimidation that's in the Sentencing Guidelines definition of carjacking, why did they include it at all? Why did they mirror the language of the federal carjacking statute with the exception of the intent? They chose to exclude the intent. They chose to include the element of force, violence, and intimidation. Now, I know that you understand, you're doing the very best you can for your client, but you do understand that every circuit that has considered a scenario like this has concluded that the person or presence requirement is met when the victim has a degree of physical proximity to the car and the ability to control or immediately access the vehicle. We absolutely agree with that, Your Honor, and we laid it out in our brief that the other circuits have adopted that. This Court has not looked at a case of carjacking. We haven't had a chance. We haven't had our opportunity. And, you know, honestly, as the defense, we believe it's probable that this Court would adopt that same definition, but what we're arguing is not the person or presence requirement, it's the force, violence, or intimidation. And I think it's instructive if we look at the cases that were cited within the defendant's brief, each one of those cases were a case of forced or coerced relinquishment of keys. Do you think it makes a difference whether she witnessed him taking her keys? I believe that it does. It's unclear from the facts, but if I had my back turned to the Court and I'm at the vault, at that point, how could you say that you were taking, you were using force, violence, or intimidation to take my keys from me when I don't, when I may not even know that it had occurred? I don't know if there was someone else with a gun to my head and I was tied up like a hog. I don't, I think maybe. I agree, Your Honor, but our point goes back to the fact that the Sentencing Commission chose to include that language as an element for carjacking. You are into your rebuttal, and I need to know this. Was the bank employee's car critical to the defendant's getaway plan? I mean, why were they using three separate vehicles here? That is very unclear. The facts show that while they had the defendant, while they had the teller at the vault, that the teller said that they were arguing, going back and forth between the two defendants. There were two other cars present. My personal take on the case is that they may have been panicking at that point and they may have taken the car as an afterthought. It may not have been a plan. Maybe they wanted to charge because they didn't get any money and might as well come out here with something. Correct, Your Honor. It was not a successful robbery. I would like to reserve any time for that. Sure, sure, sure. Thank you. Hi, Mr. Brookman. How are you? I'm good, Your Honor. How are you? I don't know. You were here for that first case. Go ahead. Judge, just to answer a couple of questions up front, the bank employee was confronted outside the bank at gunpoint. She was taken in, remained at gunpoint the entire time until she was tied up in the back room and left there when they left the bank. So she was coerced, forced, subjected to violence throughout the entire incident. And while the record's not clear on this, I believe that the evidence is that this robbery crew, and it was a crew, there was a third guy outside the bank directing things on the radio. Their M.O. and their plan all along was to take the car from the person inside, drive off, and then meet up someplace else, dump that car and leave it, and then leave in the car that the controller was in driving the Tahoe. So, but, you know, when you're taken at gunpoint, when the bank employee's taken at gunpoint, forced in the building, kept a gun to her back or to her head, tied up, anything and everything is fair game. Taking from her is going to be, by its very nature, by force, violence, or intimidation. I mean, whether it be at the money in the safe, money at the teller's drawer, money in her pocket, or the keys in her purse, everything and anything that's taken by those individuals during that full incident is by force, violence, or intimidation. I think that Mr. Rogers' argument is creative, but it attempts to try to look at the taking of the keys from the purse in a vacuum, and you just simply can't do that. It all has to be looked as one incident. Just for example, if Rogers and his co-defendant had come in the bank during business hours, posing as customers, found the victim's purse sitting by itself and snatched the keys out of it, that wouldn't be a robbery. That wouldn't be a carjacking. But by its very nature, so by its very nature, the facts do matter. The facts surrounding this matter. It's clearly force, violence, intimidation. The entire incident needs to be looked at and not just looking at the getting into the purse in a vacuum. I think this case gives the court an excellent opportunity to also clarify with respect to the so-called keyjacking, that if you take the keys and the car is in proximity, that that does in fact represent a carjacking. I don't have anything further beyond our brief. If the court has any questions, I'm happy to answer those. Thank you very much. Thank you. Well, we'll give you your rebuttal time, because we asked you a lot of questions. Thank you, Your Honor. I would like to speak to the point that the government just raised, which was that if a purse was just simply in a bank and someone just came in and stole keys from the purse, that that would not be carjacking. If Mr. Rogers had been charged substantively with both bank robbery and with charging under the federal statute, the force, violence, and intimidation factor would have had to be proved, that he used force, violence, intimidation to take the property of the bank and that he used force, violence, intimidation to accomplish the carjacking. In each of the cases that we looked at in the circuit, we have a case where guns are pressed to a chest and say, where are your keys? Guns are pressed to a head and saying, where are your keys? We do not have any cases, save one, that is an entirely passive situation where a person may not have even known that their car had been taken. Unless the threat under actual force was employed in furtherance of taking the car, there is no carjacking. And for that reason, we would ask you to reverse and remand for resentencing. Thank you very much. Thank you. Were you appointed? Yes, Your Honor. Well, you certainly have the thanks of the court for your amazing argument on behalf of your court. You're the senior public defender, aren't you? I am not. You're not? I am not. You're not a public defender at all? I'm a public defender, but I'm not the senior. Oh, you're not senior. I just made you senior. Thank you. I got a promotion. Thank you, Your Honor. Thank you very much. The case will be taken under advisement.